UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
                                               Plaintiff,    :    Index No. 10 cv 9239
                                                           :    (JSR)(FM)
     -against-

VITESSE SEMICONDUCTOR CORPORATION, :
LOUIS R. TOMASETTA, EUGENE F.      :    **NOTICE OF MOTION**
HOVANEC, YATIN D. MODY, AND
NICOLE R. KAPLAN,

                                    Defendants.    :
------------------------------------------------------------x

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) and upon the accompanying Memorandum of Law and Affirmation in Support, sworn to on March 3, 2011, Non-Party Nu Horizons Electronics Corporation ("Nu Horizons") will move this Court before the Honorable Jed S. Rakoff at the United States District Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007 for an order to quash or modify subpoenas issued by Defendants Louis R. Tomasetta and Eugene F. Hovanec to Nu Horizons, Gage Spencer & Fleming LLP, and FTI Consulting, Inc. seeking disclosure of Nu Horizons' Internal Report in the above-captioned matter. Answering papers are due on March 9, 2011, and reply papers are due on March 11, 2011.

Dated: New York, New York
March 3, 2011

                              GAGE SPENCER & FLEMING LLP

                              By: _____
                                  G. Robert Gage, Jr.
                                  Laura-Michelle Horgan

                                  410 Park Avenue
                                  New York, New York 10022
                                  Tel.: (212) 768-4900
                                  Fax: (212) 768-3629
                                  ggage@gagespencer.com
                                  lhorgan@gagespencer.com

                                  *Attorneys for Non-Party*
                                  *Nu Horizons Electronics Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :

                          Plaintiff,     :     Index No. 10 cv 9239
                                     :     (JSR)(FM)
     -against-                   :

VITESSE SEMICONDUCTOR CORPORATION, :
LOUIS R. TOMASETTA, EUGENE F.
HOVANEC, YATIN D. MODY, AND
NICOLE R. KAPLAN,

                         Defendants.   :
------------------------------------------------------------x

## NON-PARTY NU HORIZONS ELECTRONICS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO QUASH SUBPOENAS</u>

 

GAGE SPENCER & FLEMING LLP
410 Park Avenue
New York, New York 10022
Tel.: (212) 768-4900
Fax: (212) 768-3629

## **TABLE OF CONTENTS**

**Page**

FACTUAL BACKGROUND………………........................................................................1

ARGUMENT…………………...........................................................................................2

    I.      Nu Horizons' Internal Report……………………………………..….....…..2

    II.     Nu Horizons' Internal Report is Protected From Disclosure By the Work Product Doctrine………………………………………………………….....3

    III.    Nu Horizons' Internal Report Is Subject to a Non-Waiver Agreement with the SEC………………………………………………………………………...4

    IV.    Defendants Cannot Demonstrate a "Substantial Need" for the Production of Nu Horizons' Internal Report As Required By Fed. R. Civ. P. 26(b)(3)(B)……………………………………………….7

    V.     An <u>In Camera</u> Review of Nu Horizons' Internal Report Would Be Appropriate………………………………………………...……………….9

CONCLUSION…………………………………………………………...………………10

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Pages**

United States v. Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998)..........................3, 7, 9

In re Cardinal Health Sec. Litig.,
No. C2 04 575, 2007 WL 495150, at *6-8 (S.D.N.Y. Jan. 26, 2007)....................3, 4, 7

Constantine v. Teachers College,
No. 09 Civ. 9701, 2010 WL 3260164, at *1 (S.D.N.Y. Aug. 6, 2010).......................9

Hammond v. Bank of N.Y. Mellon Corp.,
No. 08 Civ. 1834489, 2009 WL 1834489, at * 1 (S.D.N.Y. June 22, 2009)...............8-9

Hickman v. Taylor,
329 U.S. 495, 510-11 (1947) ......................................................................3

Int'l Design Concepts, Inc. v. Saks Inc.,
No. 05 Civ. 4754, 2006 WL 1564684, *2 (S.D.N.Y. June 6, 2006)..........................4

In re Natural Gas Commodities Litig.,
232 F.R.D. 208, 211 (S.D.N.Y. 2005)....................................................*passim*

Madanes v. Madanes,
199 F.R.D. 135, 150 (S.D.N.Y. 2001).............................................................7

Maruzen Co., Ltd. v. HSBC USA, Inc.,
No. 00 Civ. 1079, 2002 WL 1628782, at *1-2 (S.D.N.Y. July 23, 2002)..................6-7

Police and Fire Ret. Sys. of the City of Detroit v. Safenet, Inc.,
No. 06 Civ. 5797, 2010 WL 935317, at *2 (S.D.N.Y. March 12, 2010)..................6, 8

In re Six Grand Jury Witnesses,
979 F.2d 939, 944 (2d Cir. 1992)..................................................................6

In re Steinhardt Partners, L.P.,
9 F.3d 230, 236 (2d Cir. 1993).................................................................5-7

United States v. Treacy,
No. S2 08 CR 366, 2009 WL 812033, at *1 (S.D.N.Y. March 24, 2009)..................6, 9

**Statutes**

Fed. R. Civ. P. 26(b)(3)(B)..........................................................................7

Fed. R. Civ. P. 26(b)(3)(A)(ii).......................................................................7

Fed. R. Civ. P. 45(c)(3)(A)(iii)......................................................................2

**Other Authorities**

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,
Federal Practice & Procedures, § 2025 (2d ed. 1993)...........................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
:
                          Plaintiff,          :        Index No. 10 cv 9239
:        (JSR)(FM)
    -against-                              :
:
VITESSE SEMICONDUCTOR CORPORATION, :
LOUIS R. TOMASETTA, EUGENE F.         :       **MEMORANDUM OF LAW**
HOVANEC, YATIN D. MODY, AND          :
NICOLE R. KAPLAN,                         :
:
                        Defendants.     :
---------------------------------------------------------------x

## NON-PARTY NU HORIZONS ELECTRONICS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS

      Non-party Nu Horizons Electronics Corporation ("Nu Horizons" or the "Company"), by its attorneys Gage Spencer & Fleming LLP, respectfully submits this memorandum of law in support of its motion to quash subpoenas issued by Defendants Louis R. Tomasetta ("Tomasetta") and Eugene F. Hovanec ("Hovanec") pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) to the extent that Defendants' subpoenas seek production of an internal report prepared by Nu Horizons' counsel which is protected from disclosure by the work product doctrine and other applicable privileges.

### FACTUAL BACKGROUND

      Nu Horizons respectfully refers the Court to the Affirmation in Support of Nu Horizons' Motion to Quash Subpoenas for a statement of facts relevant to its motion.

1

## ARGUMENT

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure states that the Court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), Nu Horizons seeks to quash or modify subpoenas seeking disclosure of Nu Horizons' Internal Report issued by Defendants Tomasetta and Hovanec to: (i) Nu Horizons; (ii) outside counsel to Nu Horizons that conducted the internal investigation and issued the Internal Report, Gage Spencer & Fleming LLP ("GSF"); and (iii) a forensic accounting firm retained by GSF to assist it in the internal investigation, FTI Consulting, Inc. ("FTI").

### I.  Nu Horizons' Internal Report

In April 2007, pursuant to a formal investigation order in In the Matter of Vitesse Semiconductor Corp., MHO-10440, the Staff of the United States Securities and Exchange Commission ("SEC") issued subpoenas to Nu Horizons and its subsidiary, Titan, for documents relating to the Company's transactions with Vitesse Semiconductor Corporation ("Vitesse"). Following the issuance of SEC subpoenas, the independent Audit Committee of Nu Horizons (the "Audit Committee") commissioned an internal investigation into Nu Horizons' relationship with Vitesse. The Audit Committee engaged GSF to conduct the internal investigation. Aff. in Supp., ¶ 5. To assist it in conducting its investigation, GSF retained external forensic accountants, FTI Consulting, Inc. ("FTI"). Id. In February 2009, GSF concluded its internal investigation and reported its findings and conclusions directly to the Audit Committee. Id. at ¶ 7.

2

## II. Nu Horizons' Internal Report is Protected From Disclosure By the Work Product Doctrine

The Nu Horizons' Internal Report is classic work product material and therefore protected from disclosure in this case. The work product doctrine was defined by the Supreme Court in <u>Hickman v. Taylor</u>, 329 U.S. 495, 510-11 (1947) and is codified in Fed. R. Civ. P. 26(b)(3). Pursuant to the work product doctrine, materials containing "'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative'" that were "'prepared in anticipation of litigation'" are protected from disclosure. <u>United States v. Adlman</u>, 134 F.3d 1194, 1197 (2d Cir. 1998) (quoting Fed. R. Civ. P. 26(b)(3)). Opinion work product "enjoys a near absolute immunity and can be discovered in only rare and extraordinary cases . . ." <u>In re Natural Gas Commodities Litig.</u>, 232 F.R.D. 208, 211 (S.D.N.Y. 2005) (holding documents prepared by counsel as part of an internal investigation to be protected by work product privilege) (citations omitted).

The Nu Horizons' Internal Report is protected work product. The Internal Report was prepared by GSF and contains GSF's mental impressions, conclusions and opinions based attorneys' investigative work as well as forensic accounting work conducted by FTI at GSF's direction pursuant to a <u>Kovel</u> privilege. Moreover, the organization of the Internal Report reflects issues that attorneys determined were significant to GSF's investigation into Nu Horizons' relationship with Vitesse. See <u>In re Cardinal Health Sec. Litig.</u>, No. C2 04 575, 2007 WL 495150, at *6-8 (S.D.N.Y. Jan. 26, 2007) (holding that materials that would reveal "issues deemed important" by attorneys conducting an internal investigation to be protected by the work product doctrine). The Internal Report includes GSF's summaries of, <u>inter alia</u>, its interviews of witnesses,

documents it collected and reviewed, and FTI's forensic accounting work. These summaries provide GSF attorneys' mental impressions as well as opinions and conclusions reached by GSF and FTI based upon their investigative work. The Internal Report also includes six tables prepared by FTI summarizing its forensic accounting work. Finally, the Internal Report includes a Power Point Presentation prepared by GSF to summarize its internal investigation for the Audit Committee. Aff. in Supp., ¶ 7. Id.

Materials such as the Nu Horizons' Internal Report are regularly found to be protected from disclosure by the work product doctrine. See, e.g., In re Cardinal Health, 2007 WL 495150, at *6-8 (holding materials related to internal investigation of non-party conducted by outside counsel to be protected from disclosure by the work product doctrine); Int'l Design Concepts, Inc. v. Saks Inc., No. 05 Civ. 4754, 2006 WL 1564684, *2 (S.D.N.Y. June 6, 2006) (holding internal report to audit committee to be protected from disclosure by work product doctrine); In re Natural Gas, 232 F.R.D. at 211 (holding materials prepared by counsel as part of an internal investigation to be protected by work product privilege).

In sum, Nu Horizons' Internal Report constitutes material that is regularly found to be protected from disclosure by the work product doctrine.[1]

### III. Nu Horizons' Internal Report Is Subject to a Non-Waiver Agreement with the SEC

The Audit Committee agreed to produce the Internal Report to the SEC Staff pursuant to a non-waiver agreement (the "Non-Waiver Agreement"). Aff. in Supp.,

---

[1] The Nu Horizons' Internal Report should be deemed protected by the attorney-client privilege as well. Among other things, the Report contains summaries of legal advice that the Company received from its corporate attorneys in connection with its relationship with Vitesse.

4

¶¶ 6, 8. As explicitly set forth therein:

> . . . by agreeing to the production of Confidential Materials pursuant to this Agreement, the Audit Committee does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege <u>as to third parties</u>. The Audit Committee believes that the Confidential Materials are protected by at minimum, the attorney-client privilege and/or the attorney work product doctrine. The Audit Committee believes that the Confidential Materials warrant protection from disclosure.
>
> The Staff will maintain the confidentiality of the Confidential Materials pursuant to this agreement and will not disclose them pursuant to any third party, except to the extent that the Staff determines that disclosure is otherwise required by law or would be in furtherance of the Commission's discharge of its duties and responsibilities.
>
> The Staff will not assert that the Audit Committee's production of the Confidential Materials to the Commission constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other privilege applicable as to <u>any third party</u>. . .

Id., Ex. A. (Emphasis added.)

In <u>In re Steinhardt Partners, L.P.</u>, 9 F.3d 230, 236 (2d Cir. 1993), the Second Circuit stated that whether a party waived privilege by disclosing confidential materials to the government must be analyzed on a "case-by-case" basis because:

> [e]stablishing a rigid rule would fail to anticipate situations in which the disclosing party and the government may share a common interest in developing legal theories and analyzing information, <u>or situations in which the SEC and the disclosing party have entered into an explicit agreement that the SEC will maintain the confidentiality of the disclosed materials</u>.

5

Id. (Emphasis added.)² See also United States v. Treacy, No. S2 08 CR 366, 2009 WL 812033, at *1 (S.D.N.Y. March 24, 2009) (holding non-party did not waive privilege by producing materials to government and stating "'rules relating to privilege in matters of governmental investigations must be [crafted] on a case-by-case basis'" [quoting Steinhardt, 9 F.3d at 236], and 'applied in a common sense way in light of reason and experience'") (quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 944 (2d Cir. 1992)).

        Consistent with Steinhardt, courts in this District have held that privilege is not waived by the production of confidential materials to a government agency pursuant to an express non-waiver agreement. See Police and Fire Ret. Sys. of the City of Detroit v. Safenet, Inc., No. 06 Civ. 5797, 2010 WL 935317, at *2 (S.D.N.Y. March 12, 2010) (denying plaintiffs' request for privileged materials produced by defendant to the government "pursuant to Confidentiality Agreements that provide for non-waiver" and stating "suggestive" language in Steinhardt has "prompt[ed] district courts within the Second Circuit to give the existence of confidentiality agreements weighty considerations in rendering selective waiver decisions") (citing cases); In re Natural Gas, 232 F.R.D. at 211 (denying motion to compel materials relating to an internal investigation and stating that "[p]ursuant to the Second Circuit's holding in Steinhardt, courts in this district have held that voluntary disclosures to government agencies pursuant to an explicit non-waiver agreement does not waive the attorney or representative work product or attorney-client privilege") (citing cases); Maruzen Co., Ltd. v. HSBC USA, Inc., No. 00 Civ. 1079, 2002

---

² In Steinhardt, the Second Circuit concluded that there had been a waiver of the work product doctrine where defendant produced a memorandum to the SEC with "no agreement that the SEC would maintain the confidentiality of the memorandum." Id. at 232.

WL 1628782, at *1-2 (S.D.N.Y. July 23, 2002) (following Steinhardt and denying plaintiffs' motion to compel production of defendant's internal report in view of confidentiality agreements pursuant to which defendant had produced internal report to government agencies).

Under the foregoing law, no waiver of privilege occurred when Nu Horizons produced its Internal Report to the SEC pursuant to the terms of an express Non-Waiver Agreement. Accordingly, the Report should be protected from disclosure.

### IV. Defendants Cannot Demonstrate a "Substantial Need" for the Production of Nu Horizons' Internal Report As Required By Fed. R. Civ. P. 26(b)(3)(B)

For the reasons set forth above, the Nu Horizons' Internal Report is protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(3)(B). In addition, the Internal Report should not be disclosed because Defendants cannot meet the burden of showing that they have "substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means" under Fed. R. Civ. P. 26(b)(3)(A)(ii).

"To demonstrate substantial need, a party must demonstrate an inability to obtain equivalent evidence without undue hardship." In re Natural Gas, 232 F.R.D. at 212-13 (citing Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001)). It is well-established that "[w]here. . . the requested documents contain 'mental impressions, conclusions, opinions or legal theories of an attorney or other representative' (Fed. R. Civ. P. 26(b)(3)), the required showing of substantial need is particularly stringent." In re Cardinal Health, 2007 WL 495150, at *4 (quoting In re Natural Gas, 232 F.R.D. at 212) (citing Adlman, 134 F.3d at 1204)).

7

Here, Defendants cannot meet the "particularly stringent" burden of demonstrating "substantial need" for the disclosure of a non-party Nu Horizons' privileged internal report because they have access to the factual materials underlying the Report. Specifically, the SEC is in the process of producing all non-privileged electronic and hard copy documents obtained from Nu Horizons to Defendants. Aff. in Support, ¶ 11. Defendants have also obtained transcripts of deposition testimony taken by the SEC Staff from Nu Horizons' witnesses and the exhibits shown to those witnesses. Id. Defendants are also in the process of conducting their own depositions of Nu Horizons' witnesses. Id. Finally, here, Defendants have the added benefit of a compilation of exhibits to Nu Horizons' Internal Report which was produced to them by the SEC. Id.

Under circumstances such as these where the party seeking disclosure of privileged material has access to the underlying factual data, courts in this District have held that the party cannot demonstrate "substantial need" for the privileged materials under Fed. R. Civ. P. 26(b)(3)(A)(ii). See Safenet, Inc., 2010 WL 935317, at *2 (denying plaintiffs' request to compel and stating plaintiffs did not demonstrate a "pressing need" for privileged materials because "they [had] access to the underlying factual documents"); Hammond v. Bank of N.Y. Mellon Corp., No. 08 Civ. 1834489, 2009 WL 1834489, at * 1 (S.D.N.Y. June 22, 2009) (denying plaintiffs' request for information relating to internal and external investigations on the grounds that they did not meet the "substantial need" and "undue hardship" tests and stating "[t]he Court finds that Plaintiffs have failed to show that they have not been provided with the factual information underlying any investigation by Defendants. Moreover, the Court concludes that Plaintiffs have had a fair opportunity to conduct their own investigation."); In re Natural

8

Gas, 232 F.R.D. at 212-13 (holding that plaintiffs failed to demonstrate a "substantial need" for privileged documents related to defendant's internal investigation and stating "Plaintiffs have not demonstrated why they would not be able to depose individuals interviewed during the internal investigation.") (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedures, § 2025 (2d ed. 1993)).

Accordingly, because Defendants have access to the factual data underlying Nu Horizons' Internal Report, they cannot demonstrate a "substantial need" for the Internal Report which is protected by privilege.

### V. An In Camera Review of Nu Horizons' Internal Report Would Be Appropriate

Finally, Nu Horizons is prepared to promptly provide its Internal Report to this Court for in camera review if this would assist the Court in determining issues of privilege. It is well-established in this Circuit that an in camera review by a court asked to determine issues of privilege is an appropriate practice. Adlman, 134 F.3d at 1204 (conducting in camera review of memorandum sought by the IRS and determining that it reflected "legal analysis"), Constantine v. Teachers College, No. 09 Civ. 9701, 2010 WL 3260164, at *1 (S.D.N.Y. Aug. 6, 2010) (conducting in camera review of documents pertaining to internal investigation and determining that there was no waiver of privilege), United States v. Treacy, No. S2 08 CR 366, 2009 WL 812033, at *1 (S.D.N.Y. March 24, 2009) (conducting in camera review of government notes to determine whether privilege had been waived by presentations made by a non-party company's counsel to the government).

## CONCLUSION

For the foregoing reasons, non-party Nu Horizons Electronics Corporation respectfully requests that the Court quash or modify subpoenas to Nu Horizons, Gage Spencer & Fleming LLP and FTI Consulting, Inc. seeking disclosure of Nu Horizons' Internal Report.

Dated: New York, New York
       March 3, 2011

GAGE SPENCER & FLEMING LLP

By: _____
G. Robert Gage, Jr. (02/07/84)
Laura-Michelle Horgan (09/17/03)

410 Park Avenue
New York, New York 10022
(212) 768-4900
grgage@gagespencer.com
lhorgan@gagespencer.com

*Attorneys for Non-Party*
*Nu Horizons Electronics Corporation*