UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

VITESSE SEMICONDUCTOR CORP., ET AL.,

           Defendants.
------------------------------------------------------------- x

No. 10 Civ. 9239 (JSR) (FM)

## DECLARATION OF PETER SHAKOW IN SUPPORT OF DEFENDANTS' OPPOSITION TO NU HORIZONS'S MOTION TO QUASH SUBPOENAS

I, PETER SHAKOW, declare:

1. I am a principal of Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, counsel of record for Defendant Eugene F. Hovanec in this action, and have been admitted *pro hac vice* to the Bar of this Court. I make this Declaration of my personal knowledge and, if called as a witness, could and would competently testify to the facts stated herein.

2. I make this declaration in support of Defendant Louis R. Tomasetta and Eugene F. Hovanec's Opposition to Nu Horizons Electronics Corporation's Motion to Quash Subpoenas.

3. On February 25, 2011, in advance of telephoning the Court to schedule this motion, Dan Marmalefsky (counsel for Mr. Tomasetta) and I spoke with Nu Horizons' attorneys, Robert Gage and Laura-Michelle Horgan of Gage Spencer, regarding the need to provide the Court with a factual record adequate to address the issues presented by this motion. Mr. Marmalefsky proposed to schedule a brief, focused deposition of Mr. Gage for the following week. He advised that the purpose of the deposition would be to present in the most efficient

manner a factual record addressing to what extent details had been disclosed to anyone other than Gage Spencer's client concerning the internal investigation, including any disclosures of witness statements and all dissemination of written reports. In particular, he expressed the intention to inquire as to whether Gage Spencer or anyone else had shared the Internal Investigation Report or details of the internal investigation with third parties such as outside auditors or prospective purchasers of Nu Horizons. Mr. Gage responded that he believed that a deposition was unnecessary and instead he and Ms. Horgan suggested that the factual record be developed through an exchange of letters. While expressing reservations about the efficiency of such a process and reserving the right to ask the Court to permit a deposition, Mr. Marmalefsky agreed to initiate the process of developing the factual record through written communications.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed at Los Angeles, California on March 9, 2011.

_____
Peter Shakow