UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION, :
:
    Plaintiff, :    No. 10 Civ. 9239 (JSR) (FM)
:
    v. :
:
VITESSE SEMICONDUCTOR CORP., ET AL., :
:
    Defendants. :
:
------------------------------------------------------------x

### DECLARATION OF DAN MARMALEFSKY IN SUPPORT OF DEFENDANTS' OPPOSITION TO NU HORIZONS'S MOTION TO QUASH SUBPOENAS

I, DAN MARMALEFSKY, declare:

1. I am a partner at Morrison & Foerster LLP, counsel of record for Defendant Louis R. Tomasetta in this action, and have been admitted *pro hac vice* to the Bar of this Court. I make this Declaration of my personal knowledge and, if called as a witness, could and would competently testify to the facts stated herein.

2. I make this declaration in support of Defendant Louis R. Tomasetta and Eugene F. Hovanec's Opposition to Nu Horizons Electronics Corporation's Motion to Quash Subpoenas.

3. I attach as Exhibit 1 a true and correct copy of excerpts from Nu Horizons's April 29, 2009 Form 10-K, as available through the Securities and Exchange Commission ("SEC") website.

4. I attach as Exhibit 2 a true and correct copy of a June 19, 2008 letter from Nu Horizons's attorneys, Gage Spencer & Fleming LLP ("Gage Spencer") to the SEC, as produced in this action by the SEC.

la-1114774

5.  I attach as Exhibit 3 a true and correct copy of a March 19, 2009 letter agreement between the SEC and Linklaters LLP (purportedly acting on behalf of the Nu Horizons Audit Committee) that the SEC provided to me on February 24, 2011.

6.  I attach as Exhibit 4 a true and correct copy of excerpts from Nu Horizons's October 29, 2010 proxy statement, filed on form DEFM14A, as available through the SEC website.

7.  I attach as Exhibit 5 a true and correct copy of Nu Horizons's January 7, 2008 Form 8-K announcing the termination of Lazar Levine & Felix LLP and the appointment of Ernst & Young LLP as the company's outside auditor, as available through the SEC website.

8.  On February 24, 2011, Nu Horizons' attorneys, Robert Gage and Laura-Michelle Horgan of Gage Spencer, advised Gary Lincenberg (counsel for Mr. Hovanec) and me that they would be moving to prevent the SEC from using or disclosing the Internal Investigation Report that Gage Spencer had prepared on behalf of the Nu Horizons Audit Committee. The following day, in advance of telephoning the Court to schedule this motion, Peter Shakow (counsel for Mr. Hovanec) and I spoke with Mr. Gage and Ms. Horgan regarding the need to provide the Court with a factual record adequate to address the issues presented by this motion. I proposed to schedule a brief, focused deposition of Mr. Gage for the following week. I advised that the purpose of the deposition would be to present in the most efficient manner a factual record addressing to what extent details had been disclosed to anyone other than Gage Spencer's client concerning the internal investigation, including any disclosures of witness statements and all dissemination of written reports. In particular, I expressed the intention to inquire as to whether Gage Spencer or anyone else had shared the Internal Investigation Report or details of the internal investigation with third parties such as outside auditors or prospective purchasers of Nu

Horizons. Mr. Gage responded that he believed that a deposition was unnecessary and instead he and Ms. Horgan suggested that the factual record be developed through an exchange of letters. While expressing reservations about the efficiency of such a process and reserving the right to ask the Court to permit a deposition, I agreed to initiate the process of developing the factual record through written communications.

9. On March 2, 2011, I sent Mr. Gage a letter listing several requests for information and documents, pursuant to the above-mentioned February 25, 2011 conversation. A true and correct copy of my March 2, 2011 letter is attached hereto as Exhibit 6.

10. On March 4, 2011, Ms. Horgan sent me a letter advising that Gage Spencer would not be providing any information or documents in response to my March 2, 2011 letter. A true and correct copy of Ms. Horgan's March 4, 2011 letter is attached hereto as Exhibit 7.

11. A true and correct copy of Plaintiff's First Amended Initial Disclosures Under Rule 26(a)(1) is attached hereto as Exhibit 8.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed at Los Angeles, California on March 9, 2011.

_____
Dan Marmalefsky