UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
                                    :
                                    :
                    Plaintiff,      :   Index No. 10 cv 9239
                                    :   (JSR)(FM)
         -against-                  :
                                    :
VITESSE SEMICONDUCTOR CORPORATION,  :
LOUIS R. TOMASETTA, EUGENE F.       :
HOVANEC, YATIN D. MODY, AND         :
NICOLE R. KAPLAN,                   :
                                    :
                    Defendants.     :
------------------------------------------------------------x

# NON-PARTY NU HORIZONS ELECTRONICS CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENAS

GAGE SPENCER & FLEMING LLP
410 Park Avenue
New York, New York 10022
Tel.: (212) 768-4900
Fax: (212) 768-3629

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Pages**

Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,
160 F.R.D. 437, 446-47 (S.D.N.Y. 1995)..................................................................3, n.1

In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982,
561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)..................................................................2-3

Hewlett-Packard Co. v. Bausch & Lomb Inc.,
115 F.R.D. 308, 312 (N.D. Ca. 1987) .........................................................................3

Int'l Design Concepts, Inc. v. Saks Inc.,
No. 05 Civ. 4754, 2006 WL 1564684, *2 (S.D.N.Y. June 6, 2006).........................2, 3

Maruzen Co., Ltd. v. HSBC USA, Inc.,
No. 00 Civ. 1079, 2002 WL 1628782, at *1-2 (S.D.N.Y. July 23, 2002)....................1

Merrill Lynch & Co. v. Allegheny Energy, Inc.,
229 F.R.D. 441, 445-46 (S.D.N.Y. 2004)..................................................................2-3

In re Natural Gas Commodities Litig.,
232 F.R.D. 208, 211 (S.D.N.Y. 2005) ........................................................................1

Police and Fire Ret. Sys. of the City of Detroit v. Safenet, Inc.,
No. 06 Civ. 5797, 2010 WL 935317, at *2 (S.D.N.Y. March 12, 2010).....................1

In re Steinhardt Partners, L.P.,
9 F.3d 230, 236 (2d Cir. 1993)....................................................................................1

Tenneco Packaging Specialty & Consumer Products, Inc. v.
S.C. Johnson & Son, Inc.,
No. 98 C 2679, 1999 WL 754748, at * 2 (N.D.Ill. Sept. 14, 1999)..........................3


**Statutes**

Fed. R. Civ. P. 26(b)(3)(A)(ii)......................................................................................4

Fed. R. Civ. P. 45(c)(3)(A)(iii)....................................................................................1

## **TABLE OF CONTENTS**

**Page**

ARGUMENT..................................................................................................1

I.   It Is Undisputed That Nu Horizons' Disclosure of its Internal Report to the SEC Pursuant to a Non-Waiver Agreement Did Not Constitute a Waiver......1

II.  The Non-Waiver Agreement Indisputably Applies to Nu Horizons' Internal Report and Precludes Disclosure .........................................1

III. Nu Horizons Has Not Waived Privilege As a Matter of Law Through "Likely" Disclosures to Third Parties..........................................2

IV.  Defendants Have Failed to Demonstrate a "Substantial Need" For the Production of Nu Horizons' Privileged Internal Report..........................4

V.   At a Minimum, an <u>In Camera</u> Review Is Appropriate……...................4

CONCLUSION………………………………………………………...………5

i

Non-party Nu Horizons Electronics Corporation ("Nu Horizons"), by its attorneys Gage Spencer & Fleming LLP, respectfully submits this reply memorandum of law in further support of its motion to quash Defendants' subpoenas pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) to the extent that they seek production of Nu Horizons' Internal Report.

## ARGUMENT

### I. It Is Undisputed That Nu Horizons' Disclosure of its Internal Report to the SEC Pursuant to a Non-Waiver Agreement Did Not Constitute a Waiver

Courts in this District have held that as a matter of law that privilege is not waived by production of confidential materials to a government agency pursuant to an express non-waiver agreement pursuant to In re Steinhardt Partners, L.P., 9 F.3d 230 (2d Cir. 1993). NUH Mem. pp. 6-7 (citing Police and Fire Ret. Sys. of the City of Detroit v. Safenet, Inc., No. 06 Civ. 5797, 2010 WL 935317, at *2 (S.D.N.Y. March 12, 2010); In re Natural Gas Commodities Litig., 232 F.R.D. 208, 211 (S.D.N.Y. 2005); Maruzen Co., Ltd. v. HSBC USA, Inc., No. 00 Civ. 1079, 2002 WL 1628782, at *1-2 (S.D.N.Y. July 23, 2002)). Defendants do not dispute, and have elected not to address, this well-established law. Instead, Defendants make a series of factual arguments in an effort to create potential issues of waiver. These arguments are defective as a matter of law.

### II. The Non-Waiver Agreement Indisputably Applies to Nu Horizons' Internal Report and Precludes Disclosure

Defendants first argue that the Non-Waiver Agreement between Nu Horizons and the SEC is inapplicable to Nu Horizons' Internal Report. Defs. Opp. Mem. 7-9. This argument should be summarily dismissed. Both Nu Horizons and the SEC -- the parties to the Non-Waiver Agreement -- agree that the Internal Report was produced

to the SEC Staff by Nu Horizons pursuant to the Non-Waiver Agreement. SEC Opp. Mem., pp. 1. The SEC expressly states that it "does not believe the act of Nu Horizons providing its report to the Commission during the investigation constituted a waiver of work product or other privileges as to third parties." Id. at p. 5 (citing cases).

Defendants also seek disclosure of the Internal Report by arguing that even if the Non-Waiver Agreement is applicable, the SEC can now simply waive the protections it guaranteed to Nu Horizons and produce the report to third parties. Defs. Opp. Mem., p. 9-10. Defendants cite no law in this Circuit supporting that proposition. Id. Such an interpretation of Nu Horizons' Non-Waiver Agreement with the Staff, which tracks the "Model Confidentiality Agreement" in the SEC's Enforcement Manual, would effectively nullify all confidentiality agreements and allow the SEC to disregard such agreements in its sole discretion. Moreover, even if the Internal Report is "relevant" and "responsive to Defendants' discovery requests" (SEC Opp. Mem., p. 6), this does not permit the production of a non-party's privileged internal report.

### III. Nu Horizons Has Not Waived Privilege As a Matter of Law Through "Likely" Disclosures to Third Parties

Defendants next contend that they are entitled to disclosure of Nu Horizons' Internal Report because there have been likely disclosures to third parties. Defs. Opp. Mem., pp. 10-13. Yet any such disclosures do not constitute waivers under well-established law. As set forth in Int'l Design Concepts, Inc. v. Saks Inc., No. 05 Civ. 4754, 2006 WL 1564684, at *2 (S.D.N.Y. June 6, 2006), "[t]he work product privilege is not automatically waived by any disclosure to third persons. Rather, the courts generally find a waiver of the work product privilege only if the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'" (quoting Merrill

2

Lynch & Co. v. Allegheny Energy, Inc., 229 F.R.D. 441, 445-46 (S.D.N.Y. 2004) (quoting In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)).

None of the disclosures to third parties raised by Defendants, i.e. to external auditors or acquiring companies, were disclosures to "potential adversaries" that would result in waiver. Courts in this District have specifically rejected the argument that a company's disclosure of an internal investigation report to external auditors constitutes a waiver. In Int'l Design Concepts, Inc., the Court stated that a "'business and its auditor can and should be aligned insofar as they both seek to prevent, detect, and root out corporate fraud.'" Id. at *3 (quoting Merrill Lynch & Co., Inc., 229 F.R.D. at 448). Moreover, Nu Horizons cannot be found to be in an adversarial relationship with Arrow, the company by which it was acquired, or any other potential buyer. On the contrary, any such communication would be the very definition of a common interest communication. See, e.g., Tenneco Packaging Specialty & Consumer Products, Inc. v. S.C. Johnson & Son, Inc., No. 98 C 2679, 1999 WL 754748, at * 2 (N.D.Ill. Sept. 14, 1999) (holding that privilege was not waived by company by providing attorney's opinion as part of due diligence conducted in connection with an asset purchase agreement); Hewlett-Packard Co. v. Bausch & Lomb Inc., 115 F.R.D. 308, 312 (N.D. Ca. 1987) (holding privilege was not waived by company that provided attorney's opinion to potential buyer even where buyer subsequently decided not to purchase company).[1] In sum, such disclosures do not

---

[1] Defendants' reliance upon Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 446-47 (S.D.N.Y. 1995) is misplaced. (Defs. Opp. Mem. at p. 12, f.n. 3.) In that case, the Court refused to extend the common interest doctrine to communications between separate banks in a group that did not have any coordinated legal strategy.

3

constitute waiver.[2]

### IV. Defendants Have Failed to Demonstrate a "Substantial Need" For the Production of Nu Horizons' Privileged Internal Report

It bears emphasis that Defendants already have access to underlying factual data through production of deposition transcripts and other discovery from the SEC, a fact which they do not dispute. As cited in our moving brief, and not addressed by Defendants, such access precludes a finding of "substantial need" for privileged materials such as Nu Horizons' Internal Report. NUH Mem., pp. 8-9 (citing cases). Accordingly, Defendants have failed to meet their burden of demonstrating a "substantial need" for privileged material pursuant to Fed. R. Civ. P. 26(b)(3)(A)(ii).

### V. At a Minimum, An In Camera Review Is Appropriate

Nu Horizons respectfully submits that to the extent there is any doubt as to whether Nu Horizons' Internal Report should be withheld from disclosure as privileged pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the Court should conduct an in camera review of the Report. While Defendants' take the position that "no such review is necessary," (Defs. Opp. Mem. at p. 6, f.n. 1) it is well-established that this is the appropriate practice for courts asked to determine issues of privilege. NUH Mem., p. 9. Moreover, Nu Horizons respectfully submits that in the event that the Court determines that any part of the Internal Report should be disclosed to Defendants, we respectfully submit that the Court should enter a protective order as suggested by the SEC. (SEC Opp. Mem., p. 6.)

---

[2] In view of certain inaccuracies and mischaracterizations of the parties' discussions in Defendants' responsive papers, we are submitting the Reply Affirmation of Laura-Michelle Horgan to clarify and correct the record.

## CONCLUSION

For the foregoing reasons, non-party Nu Horizons Electronics Corporation respectfully requests that the Court quash or modify subpoenas to Nu Horizons, Gage Spencer & Fleming LLP and FTI Consulting, Inc. seeking disclosure of Nu Horizons' Internal Report.

Dated: New York, New York
       March 11, 2011

GAGE SPENCER & FLEMING LLP

By: _____
   G. Robert Gage, Jr. (02/07/84)
   Laura-Michelle Horgan (09/17/03)

410 Park Avenue
New York, New York 10022
(212) 768-4900
grgage@gagespencer.com
lhorgan@gagespencer.com

*Attorneys for Non-Party*
*Nu Horizons Electronics Corporation*