UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                    Plaintiff, : Index No. 10 cv 9239
: (JSR)(FM)
    -against- :
: **REPLY AFFIRMATION**
VITESSE SEMICONDUCTOR CORPORATION, : **IN FURTHER SUPPORT**
LOUIS R. TOMASETTA, EUGENE F. : **OF NON-PARTY NU HORIZONS**
HOVANEC, YATIN D. MODY, AND : **ELECTRONICS CORPORATION'S**
NICOLE R. KAPLAN, : **MOTION TO QUASH SUBPOENAS**
:
                  Defendants. :
-------------------------------------------------------------x

STATE OF NEW YORK   )
                             )  ss.:
COUNTY OF NEW YORK )

        LAURA-MICHELLE HORGAN, being duly sworn, deposes and says:

        1.     I am a member of the firm Gage Spencer & Fleming LLP, attorneys for Nu Horizons Electronics Corporation ("Nu Horizons" or the "Company") and a member of the Bar of this Court. I am familiar with all the facts and circumstances necessary to make this motion. I make this affirmation in further support of the motion by Non-Party Nu Horizons Electronics Corporation ("Nu Horizons") to quash the production of Nu Horizons' Internal Report pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii). I further make this affirmation to clarify and correct statements made by Defendants' counsel to this Court, particularly that Nu Horizons "refuses to provide the Court with a complete and accurate factual record." Defs. Opp. Mem., p. 4.

2. On or about February 16, 2011, my firm was notified by the SEC that Defendants were seeking production of Nu Horizons' Internal Report in advance of a deposition of a Nu Horizons witness in this matter. Thereafter, my partner, G. Robert Gage, Jr., and I contacted counsel for Defendants, Dan Marmalefsky of Morrison & Foerster, counsel for Defendant Tomasetta, and Gary Lincenberg, of Bird Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C., counsel for Defendant Hovanec, to discuss and potentially resolve issues of privilege relating to Nu Horizons' Internal Report. Our discussions with Messrs. Marmalefsky and Lincenberg continued over the next few days.

3. On Wednesday, February 23, 2011, Mr. Gage and I met with Mr. Marmalefsky and Mr. Lincenberg at the New York offices of Morrison & Foerster to discuss Defendants request for production of Nu Horizons' confidential Internal Report. Over the course of two hours, we engaged in an extensive discussion of, among other things, possible ways to resolve issues of privilege and the governing law in this Circuit. We subsequently advised Defendants' counsel and the SEC that Nu Horizons determined that it would have to move to quash Defendants' Subpoenas to the extent that they sought production of Nu Horizons' Internal Report due to issues of privilege.

4. On or about Friday, February 25, 2011, in advance of a call scheduled with the Court at 3:00 P.M., Mr. Marmalefsky contacted me and advised me that Defendants wanted to depose an attorney representing Nu Horizons to ascertain additional facts relating to Nu Horizons' Internal Report, including to whom the Report had been disclosed. Later that day, Mr. Gage and I spoke with Mr. Marmalefsky and Peter Shakow of Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C. regarding Mr. Marmalefsky's request. At no time during this call did Mr. Gage or I "invite" Messrs. Marmalefsky or Shakow to send us a "list of

questions" regarding Nu Horizons' Internal Report. On the contrary, Mr. Gage suggested that Defendants could more appropriately obtain information they sought regarding disclosures of Nu Horizons' Internal Report by requesting a privilege log.

5. Immediately following our call with Mr. Marmalefsky, all parties contacted the Court for the prescheduled 3:00 P.M. call so that Nu Horizons could request permission to move to quash Defendants' subpoenas. On the call, Mr. Marmalefsky asked the Court to schedule a hearing on Nu Horizons' motion to develop a factual record and the Court denied this request, stating that whether Nu Horizons would be required to disclose its confidential Internal Report was a matter of law. The Court then set a briefing schedule.

6. Several days later, on March 2, 2011 -- the day before Nu Horizons' moving papers were due pursuant to the schedule set by the Court -- Mr. Marmalefsky sent a letter in which he incorrectly stated that Mr. Gage had invited him to send a list of questions so that he could present a factual record to the Court. See Exhibit 6 to the Declaration of Dan Marmalefsky In Support of Defendants' Opposition to Nu Horizons's Motion to Quash Subpoenas, sworn to on March 9, 2011. In the letter, Mr. Marmalefsky made 14 requests with numerous subparts for information and documents from Nu Horizons' counsel. Id.

7. By letter dated March 4, 2011, I advised Mr. Marmalefsky that we did not invite him to send us a list of questions, that Defendants were not entitled to the information sought for the reasons set forth in our Rule 45 objections, and that we believed the procedure set by the Court for the parties to brief the issue as a matter of law was the appropriate way to proceed. Id. at Ex. 7.

8. In view of the foregoing events, including the extensive discussions we had with Defendants' counsel, we take sharp issue with Defendants' representation to the Court

3

that Nu Horizons has presented "an intentionally incomplete and obviously misleading discussion of the nature and extent of its prior disclosures of assertedly protected information, while refusing to respond to Defendants' requests for information – sent at the suggestion of Nu Horizons' counsel." Defs. Opp. Mem., p. 1.

9. Although we believe for the reasons set forth in our submissions that, as a matter of law, Nu Horizons' Internal Report is protected from disclosure, we can promptly provide the Court with any facts it deems necessary to decide Nu Horizons' motion to quash Defendants' Subpoenas including, but not limited to, providing the Internal Report to the Court for in camera review (a suggestion made in our moving papers which is opposed by Defendants in their response (see Defs. Opp. Mem., p. 6, n.1)) or providing a privilege log as we suggested to Mr. Marmalefsky.

Dated: New York, New York
March 11, 2011

GAGE SPENCER & FLEMING LLP

By: /s/ Laura-Michelle Horgan
Laura-Michelle Horgan

410 Park Avenue
New York, New York 10022
Tel.: (212) 768-4900
Fax: (212) 768-3629
lhorgan@gagespencer.com

*Attorneys for Non-Party*
*Nu Horizons Electronic Corporation*