

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>VITESSE SEMICONDUCTOR Corp., *et al.*,<br><br>　　　　　　　　　Defendants. | 10-cv-9239 (JSR)(FM)<br><br>[PROPOSED] CONFIDENTIALITY ORDER PURSUANT TO RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE |

JED S. RAKOFF, U.S.D.J.

　　　　WHEREAS, Defendants Tomasetta and Hovanec have served document requests to Vitesse which may call for the production of large amounts of hard-copy and electronic information;

　　　　WHEREAS, Vitesse asserts that it would be impossible, impracticable, and unduly burdensome on Vitesse to review thoroughly prior to production all information for possible protection by attorney-client privilege or the attorney work-product doctrine;

　　　　WHEREAS, Vitesse wishes to avoid the delay and expense that would result from attempting such a thorough, pre-production review;

　　　　WHEREAS, the parties wish to enter into the following stipulation so that Vitesse

may effectuate its production efficiently and without risk this production would result in a waiver of privilege or work-product protection.

WHEREAS, the parties and Vitesse having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that:

1. Pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this pending litigation, Vitesse, Navigant Consulting, Inc., or any of Vitesse's current or former counsel discloses information or documents to Hovanec and Tomasetta subject to a claim by Vitesse or its attorneys of any privilege or attorney work product protection ("Protected Information"), the disclosure of the Protected Information in this case shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that would otherwise apply to the Protected Information and its subject matter.

2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Securities and Exchange Commission's production of any Protected Information in connection with this pending litigation shall not constitute or be deemed a waiver or forfeiture of any claim by Vitesse or its attorneys of privilege or work product protection that might otherwise currently apply to the Protected Information and its subject matter.

3. Pursuant to Rule 502(d) of the Federal Rules of Evidence, disclosure of any Vitesse Produced Documents by Hovanec or Tomasetta to other persons shall not constitute a waiver of Vitesse's or its attorneys' privilege or work product protection.

4. Should Hovanec or Tomasetta identify any information or documents they believe to be Protected Information, they shall, within ten business days, notify Vitesse. Within

five business days of the notification, Vitesse shall inform Hovanec and/or Tomasetta's counsel whether the identified material is in fact Protected Information and request a return of such information or its destruction. Prior to the expiration of the five-business-day period, Hovanec and Tomasetta shall not use that material in depositions or at trial and shall not disclose the material to other parties.

5. Vitesse shall be permitted to request the return or destruction of Protected Information previously produced to Hovanec or Tomasetta. If Vitesse makes such a request, the receiving parties shall, within five business days, return or destroy all copies of the identified Protected Information, and provide a certification of counsel that all such information has been returned or destroyed. Hovanec and Tomasetta also shall make reasonable efforts to retrieve the Protected Information if they previously provided it to others.

6. Within five business days of the notification that such Protected Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Protected Information.

7. The receiving party may move the Court for an Order compelling production of the Protected Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the production of Protected Information in connection with this pending litigation.

8. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Protected Information.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Information introduced in evidence at

trial, even if such material has previously been sealed. The Court also retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. This Protective Order shall survive the termination of the litigation.

(Continued on next page)

11.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: March 3, 2011

O'MELVENY & MYERS LLP

_____
Daniel Bookin
Andrew J. Geist
*Attorneys for Defendant*
*Vitesse Semiconductor Corporation*

Dated: March 31, 2011

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG

_____
Gary S. Lincenberg
Peter J. Shakow
*Attorneys for Defendant*
*Eugene F. Hovanec*

Dated: March 31, 2011

MORRISON & FOERSTER LLP

_____
Dan Marmalefsky
Lawrence Gerschwer
*Attorneys for Defendant*
*Louis R. Tomasetta*

SO ORDERED.

Dated: 4/1/, 2011

_____
Jed S. Rakoff, U.S.D.J.

5