UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
SECURITIES AND EXCHANGE COMMISSION,                          :
                                                             :
                    Plaintiff,                               :      No. 10 Civ. 9239 (JSR) (FM)
                                                             :
        v.                                                   :
                                                             :
VITESSE SEMICONDUCTOR CORP., ET AL.,                         :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ x
```

## DEFENDANTS' PARTIAL OPPOSITION TO THE GOVERNMENT'S
## MOTION TO INTERVENE AND FOR A LIMITED STAY

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | THE MOTION IS UNTIMELY AND PREJUDICIAL TO DEFENDANTS | | 3 |
| III. | THE USAO AND THE SEC CLOSELY COORDINATED THEIR INVESTIGATIVE AND LITIGATION EFFORTS | | 4 |
| | A. | The USAO and the SEC Have Conducted Their Investigations Jointly | 4 |
| | B. | The USAO and the SEC Simultaneously Filed Parallel Lawsuits | 5 |
| | C. | The USAO and the SEC Continue to Coordinate Their Litigation Efforts | 6 |
| IV. | THE USAO FAILS TO SHOW THAT THE "INTERESTS OF JUSTICE" REQUIRE THAT MODY'S AND KAPLAN'S DEPOSITIONS BE STAYED | | 8 |
| | A. | The USAO Fails to Show that "the Government's Interest" Requires a Stay of the Mody and Kaplan Depositions | 9 |
| | B. | The USAO Fails to Show that "the Defendants' Interests" Require a Stay of the Mody and Kaplan Depositions | 12 |
| | | 1. Discovery in this case will become a "one-way street" if the Mody and Kaplan depositions are stayed | 12 |
| | | 2. Mody and Kaplan will not be unduly burdened by having their depositions taken | 13 |
| | | 3. Other depositions and interview notes are not adequate substitutes for the sworn testimony of Mody and Kaplan | 14 |
| | | 4. Defendants should not be forced to wait another year to obtain testimony from these witnesses about events dating back to 1995 | 15 |
| | C. | The USAO Fails to Show that "the Court's and the Public's Interest" Requires a Stay of the Mody and Kaplan Depositions | 15 |
| V. | DEFENDANTS DO NOT OPPOSE A STAY OF THE CIVIL TRIAL | | 16 |
| VI. | CONCLUSION | | 17 |

la-1121373

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arden Way Assocs. v. Boesky*,
   660 F. Supp. 1494 (S.D.N.Y. 1987)......................................................................... 8

*Kashi v. Gratos*,
   790 F.2d 1050 (2d Cir. 1986).................................................................................. 8

*SEC v. Chakrapani*,
   No. 09-cv-325, 2010 U.S. Dist. LEXIS 65337 (S.D.N.Y. June 29, 2010) ........... 2, 10, 13, 14

*SEC v. Cioffi*,
   No. 08-cv-2457, 2008 U.S. Dist. LEXIS 86088 (S.D.N.Y. Oct. 24, 2008)..................... 10, 11

*SEC v. Fraser*,
    No. 09-cv-443, 2009 U.S. Dist. LEXIS 50379 (D. Ariz. June 1, 2009) .............................. 10

*SEC v. Oakford Corp.*,
   181 F.R.D. 269 (S.D.N.Y. 1998) ...................................................................... 8, 10, 11

*SEC v. Saad*,
   229 F.R.D. 90 (S.D.N.Y. 2005) ........................................................................... 11, 13

*SEC v. Saad*,
   384 F. Supp. 2d 692 (S.D.N.Y. 2005)........................................................................ 10

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995)........................................................................... 8

*United States v. Kordel*,
   397 U.S. 1 (1970)................................................................................................. 8

*Untied States v. FINRA*,
   607 F. Supp. 2d 391 (E.D.N.Y. 2009) .................................................................. 10, 14

*Volmar Distribs., Inc. v. New York Post Co.*,
   152 F.R.D. 36 (S.D.N.Y. 1993) ................................................................................ 8

la-1121373

## I.    INTRODUCTION

On the eve of their depositions, four months after commencement of the coordinated criminal and SEC litigation against Defendants, the United States Attorney's Office for the Southern District of New York (the "USAO") belatedly and without legal justification moves this Court to prevent Defendants from deposing two witnesses next week — Yatin Mody and Nicole Kaplan.  The USAO fails to articulate any compelling interest to prevent those depositions from going forward, and none exists.  The USAO's naked tactical preference that these two witnesses not be available to Defendants in advance of the criminal trial is not a permissible basis to defer those depositions further, and the Court should deny the motion to the extent it requests such relief.

For five years, the USAO and the SEC have worked hand-in-hand investigating and now prosecuting alleged accounting misconduct at Vitesse Semiconductor Corporation ("Vitesse"). Since 2006, the two government agencies have jointly interviewed numerous witnesses and have reviewed many millions of pages of documents provided to them by Vitesse and other third parties.  They have also enjoyed the fruits of internal investigations at both Vitesse and Nu Horizons Electronics Corporation, whose outside counsel and forensic accountants collaborated closely with the government both in formulating questions for potential witnesses, and in downloading the full details of their interviews and forensic accounting analyses.  Throughout this time period, Defendants — the targets of the government's investigation — remained in the dark, unable to clear their publicly sullied reputations.

In December 2010, the two agencies, again coordinating their actions, simultaneously filed criminal and civil cases, with the USAO unsealing the indictment on December 10, 2010 and the SEC, in coordination, filing this action that same day.  (Indeed, the two agencies even coordinated the timing of their press releases.)

la-1121373

In this civil case, the government has taken full advantage of civil discovery.  It has noticed and taken depositions, and has questioned every witness whose deposition was noticed by Defendants, often at great length.  Defendants however were forced to delay taking the depositions of Yatin Mody and Nicole Kaplan — the two witnesses primarily responsible for preparing and overseeing the financial statements prepared at Vitesse for the entire period at issue in both cases — because their unusual cooperation agreements with the government provided that neither needed to testify before May 2011.  But now that Mody's and Kaplan's scheduled depositions are nearing, the government moves to stay their depositions and the trial in this case until after the conclusion of the criminal trial set for January 2012.

The government has timed this motion so that it can obtain deposition testimony that would benefit it in both cases, while precluding deposition testimony that it views as more useful to Defendants; it should not be allowed to game the judicial process in such a manner.  Moreover, the government cannot show that the "interests of justice" require that Mody's and Kaplan's depositions be stayed.  None of the purported governmental, defense, judicial or public interests referenced in the moving papers supports a stay of these two depositions.  The government's only putative interest in the stay is preserving the full extent of its informational advantage over Defendants.  The government has had and, pursuant to the cooperation agreements, continues to have full access to Mody and Kaplan.  Its preference to preserve one of its many tactical advantages is not a valid interest warranting a stay of these depositions: "Where, as here, there is minimal fear that [ ] testimony will compromise the integrity of government investigations or the safety of others, there is little to justify the government's jealous protection of its cooperating witness."  *SEC v. Chakrapani*, No. 09-cv-325, 2010 U.S. Dist. LEXIS 65337, at *34-35 (S.D.N.Y. June 29, 2010).

la-1121373

For these reasons, discussed more fully below, the Court should deny the USAO's request to stay the Mody and Kaplan depositions.[1]

## II.    THE MOTION IS UNTIMELY AND PREJUDICIAL TO DEFENDANTS

Over the past few months, defendants have been simultaneously receiving millions of documents in different installments from the government as well as documents from third parties, transmitting them to a third party vendor for conversion into a reviewable format, trying to read through the discovery, and preparing for depositions. The two most important depositions in this case are those of former Vitesse officers Mody and Kaplan. Defendants initially proposed to their counsel dates in early March for these depositions; Mody's and Kaplan's announcements that they would not answer questions until after May 1 caused a delay not just in their depositions, but in the scheduling of depositions of their former subordinates. The dates of May 2-3 and May 5-6 were reserved with the witnesses more than a month ago, and the Court resolved disputes over the length of the Mody deposition back on March 25.

Defense counsel taking those depositions blocked out time the weeks of April 18 and 25 to permit sufficient time to prepare for these key depositions, and did not schedule any other depositions for the week of May 2. The belated filing of this motion has interfered both with counsels' efforts to prepare for those depositions, as well as their ability to meet the Court's discovery deadlines and prepare for trial.

---

[1] Defendants do not object to the USAO's (1) motion to intervene, pursuant to Federal Rule of Civil Procedure 24, for the limited purpose of bringing the present motion for a stay; (2) motion to stay the Defendants' depositions; and (3) motion to stay the civil trial until after the conclusion of the criminal case. Indeed, independent of the timing of the Mody and Kaplan depositions, the USAO's insistence on delaying production of *Jencks* materials until shortly before commencement of the criminal trial would render unfair an earlier trial of the SEC action.

la-1121373

### III.    THE USAO AND THE SEC CLOSELY COORDINATED THEIR INVESTIGATIVE AND LITIGATION EFFORTS

#### A.    The USAO and the SEC Have Conducted Their Investigations Jointly

From the inception of their investigations into the alleged misconduct at Vitesse, the USAO and the SEC have closely coordinated their efforts. The USAO's moving papers admit that the USAO and the SEC jointly interviewed no fewer than 24 individuals during their investigations. (USAO's Memorandum of Law ("Memo.") at 7-8.) Interview notes produced by the SEC reflect that the two agencies have been meeting with witnesses jointly since November 2006. (Marmalefsky Decl. Ex. A.)[2] And joint meetings of the USAO and the SEC with counsel and forensic accountants retained by Vitesse commenced even earlier.

Among the witnesses whom the USAO and the SEC have jointly interviewed are Mody (Vitesse's former Controller and then CFO) and Kaplan (Vitesse's former Accounting/Finance Manager). The USAO admits that it and the SEC jointly interviewed Mody and Kaplan on no fewer than 13 separate occasions, dating to 2007 and as recently as two weeks before the USAO filed this motion:

---

[2] The SEC has produced notes of certain witness interviews its representatives attended jointly with the USAO. According to the USAO, the SEC has not produced notes of all such meetings, and no notes or memoranda have been produced of interviews that the SEC did not attend. (Memo. at 8 n.4.) Under a proposal made by the USAO to Defendants, *Jencks* and 3500 material would first be produced in December 2011. (Marmalefsky Decl. ¶ 4.) Defendants have asked that those materials be produced much earlier. (*Id.*)

la-1121373

| Dates of Mody Interviews | Dates of Kaplan Interviews |
|---|---|
| • February 8, 2007 | • January 25, 2007 |
| • March 12, 2007 | • January 26, 2007 |
| • March 13, 2007 | • March 20, 2007 |
| • September 27, 2007 | • May 6, 2009 |
| • April 4, 2008 | • October 13, 2010 |
| • January 23, 2009 | |
| • December 2, 2010 | |
| • April 7, 2011 | |

(Memo. at 8 n.4.)  In contrast, while the USAO and the SEC have had unrestricted access to these witnesses for more than four years, when Defendants moved to schedule depositions of Mody and Kaplan for early March, lawyers for those witnesses said they would not answer any questions until May 1 — at which time they would answer without restriction.  Now that May approaches, the USAO belatedly and without compelling basis moves to prevent those depositions from occurring.

**B.      The USAO and the SEC Simultaneously Filed Parallel Lawsuits**

After closely coordinating their investigations since 2006, the USAO and the SEC simultaneously brought parallel criminal and civil actions against Defendants.  On December 10, 2010, the criminal indictment was unsealed and the SEC complaint was filed.[3]

Although both the criminal indictment and the civil complaint allege accounting misconduct at Vitesse in connection with revenue recognition and accounting for stock option grants, the scope of the SEC complaint is significantly broader.  The indictment places at issue misconduct alleged to have occurred between 2001 and 2006.  (Memo. at 3-4.)  By contrast, the SEC complaint places at issue actions that date to 1995.  (Memo. at 6.)  The delay in

---

[3] The criminal indictment was filed under seal three days earlier on December 7, 2010. (Memo. at 2.)

la-1121373

commencing actions involving such ancient events has adversely affected witness memories; further delay in providing Defendants with access to key witnesses to events dating to the 1990s will cause additional prejudice.

### C.     The USAO and the SEC Continue to Coordinate Their Litigation Efforts

The USAO's and the SEC's joint efforts did not end with the filing of their concurrent lawsuits.  The two government agencies continue to work together in developing their cases-in-chief.  Indeed, not surprisingly, recent deposition testimony confirms that the USAO has been actively participating in civil discovery in this case.

On January 6, 2011, this Court filed the Case Management Plan, pursuant to which depositions must be completed by May 23, 2011.  Since then, both the SEC and Defendants have noticed and taken depositions.  For example, the SEC — coordinating closely with the USAO — noticed and took the depositions of former Vitesse Board members James Cole and John Lewis. (Marmalefsky Decl. Ex. B.)  At their depositions, Cole and Lewis each testified that representatives of the USAO had interviewed them the preceding day.  (*Id.* ¶ 5.)  The SEC has questioned every witness whose deposition was noticed by Defendants, often at great length. (*Id.* ¶ 6.)  For example, although it had deposed witnesses Adam Wisniewski and Phillip Richards each for two days in its investigation, and had interviewed each of them recently, the SEC questioned them again at length during their depositions in this case.  (*Id.*)

In February, counsel for Defendants contacted counsel for Mody and Kaplan to schedule their depositions for early March.  (*Id.* ¶ 7.)  As the two individuals most responsible for preparation of the Vitesse financial statements at issue in this action, it was logical that Defendants would seek to depose them first, and then follow those depositions with questioning of their former subordinates to determine to what extent the Mody and Kaplan testimony about particular events was corroborated or contradicted.  Counsel for both witnesses said that their

clients would decline to answer questions if their depositions were noticed for dates in March, but would answer without restriction if the depositions were delayed until May.[4] (*Id.*)

At the February 23, 2011 hearing in this action on Defendants' Motion to Transfer Venue, counsel for Mody reiterated that point, advising the Court that his client would not verify written discovery responses at that time, but would answer any questions without restriction in May. Thereafter, in preparation for noticing those delayed depositions, Defendants sought leave from the Court to schedule two days for each deposition. The Court permitted two days for the Kaplan deposition, but because of objection from Mody's counsel, limited Defendants' questioning of Mody to ten hours. At neither time did the USAO take any action to intervene to prevent those depositions from being scheduled.

Having cleared the dates with their counsel, and been granted leave from the Court to question the witnesses for more than one day each, on April 8, 2011, Defendants formally noticed the Mody and Kaplan depositions for the first week of May 2011 — again the earliest time at which those witnesses had indicated they would answer questions without restriction. (Marmalefsky Decl. ¶¶ 7-8.) Now — more than four months after the filing of these parallel cases and on the eve of Mody's and Kaplan's scheduled depositions — the USAO moves for a stay of the depositions pending resolution of the criminal trial currently scheduled to commence in January 2012.[5]

---

[4] Mody and Kaplan each pleaded guilty to Vitesse-related securities fraud and conspiracy charges. (Memo. at 5 n.2.) They also settled with the SEC in this case and entered into cooperation agreements. (*Id.* at 7.) An unusual term in those agreements delays any obligation of Mody and Kaplan to cooperate with the SEC until May 1, 2011. (Marmalefsky Decl. Exs. D.) Of course, notwithstanding that provision, Mody met with the SEC earlier this month. (Memo. at 8 n.4.)

[5] The criminal trial is set to commence on January 9, 2012. (Memo. at 5.) The USAO estimates that it will need about a month for its case-in-chief. (Marmalefsky Decl. ¶ 11.)

la-1121373

## IV.   THE USAO FAILS TO SHOW THAT THE "INTERESTS OF JUSTICE" REQUIRE THAT MODY'S AND KAPLAN'S DEPOSITIONS BE STAYED

While the driving factor for the filing of its motion was to prevent the depositions of Mody and Kaplan from going forward, the USAO buries its discussion of those depositions and any effort to distinguish those two depositions from all the others that have occurred to date and that are scheduled to take place after next week.  Its generalized arguments about the sequence of the two trials provide no basis for interfering with the depositions scheduled for next week.

No party disputes that the Court has discretion to stay the civil case pending resolution of the related criminal case "when the interests of justice seem to require such action."  *Kashi v. Gratos*, 790 F.2d 1050, 1058 (2d Cir. 1986) (internal quotations and ellipses omitted).  *See also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).  But "such stays, rather than being granted automatically, are to be assessed according to a multifactor test."  *SEC v. Oakford Corp.*, 181 F.R.D. 269, 271 (S.D.N.Y. 1998).  In assessing whether a stay is warranted, courts in this district consider the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (citing *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987)).[6]

---

[6] As the moving papers state, some courts also consider "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; [and] (2) the status of the [criminal] case, including whether the defendants have been indicted."  *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).  Defendants agree that issues in the civil and criminal cases overlap, that they have been indicted, and that the criminal trial is set to commence in January 2012.  But neither the overlap between the two cases nor the status of the criminal case provides a compelling

(Footnote continues on next page.)

Rather than discussing these five factors individually, the moving papers group them into the following three categories: "the government's interest," "the Defendants' interests," and "the Court's and the public's interest." (Memo. at 14-20.) For the sake of consistency and clarity, Defendants have organized their analysis of the different interests at play here using the same three categories. But no matter how organized, the USAO fails to establish that its tactical preference to delay the Mody and Kaplan depositions is supported by any compelling justification.

### A.    The USAO Fails to Show that "the Government's Interest" Requires a Stay of the Mody and Kaplan Depositions

The USAO does not identify any governmental interest supporting a stay of Mody's and Kaplan's depositions. It string-cites cases for the general proposition that priority should be given to "the public interest in law enforcement," and then argues that allowing the criminal trial to precede the civil trial will reduce the risks of inconsistent judgments and witnesses having to testify at two trials. (Memo. at 14-15.) While such considerations may support a stay of the civil trial pending resolution of the criminal case, they are irrelevant to the USAO's motion to stay Mody's and Kaplan's depositions. These two specific depositions, singled out by the USAO for special treatment, neither implicate "the public interest in law enforcement" nor affect the risks of inconsistent judgments or the number of trials at which witnesses may testify.

Indeed, the specific concerns against which civil discovery stays are intended to guard are completely absent here: Deposing Mody and Kaplan will in no way increase the risks of witness intimidation, perjury or manufactured evidence. *See, e.g., Untied States v. FINRA* ("*FINRA*"),

---

(Footnote continued from previous page.)

rationale to permit the SEC to notice and/or question witnesses at multiple depositions in this action, and the USAO then to intervene to prevent the taking of two specific depositions.

607 F. Supp. 2d 391, 393-94 (E.D.N.Y. 2009); *SEC v. Cioffi*, No. 08-cv-2457, 2008 U.S. Dist. LEXIS 86088, at *4-5 (S.D.N.Y. Oct. 24, 2008); *Oakford*, 181 F.R.D. at 272.  Nor is "the risk of unfair surprise flowing from the privilege against self-incrimination" present because "[t]he testimony that will be adduced at the [depositions] is equally available to both the government and the defendants." *FINRA*, 607 F. Supp. 2d at 394.[7]

The government's only putative interest in staying Mody's and Kaplan's depositions is to preserve the full extent of its informational advantage over Defendants.  This however is not a valid governmental interest, but merely "a litigator's preference to avoid cross-examination and related impeachment of prized witnesses." *Chakrapani*, 2010 U.S. Dist. LEXIS 65337, at *33-34.  That Defendants will be better informed to meet the allegations and evidence against them in the criminal case does not warrant a discovery stay here. *See, e.g.*, *FINRA*, 607 F. Supp. 2d at 393-94 ("Th[e] loss of the government's usual tactical advantage is insufficient to justify enjoining the [civil proceedings].").  *Accord SEC v. Fraser,* No. 09-cv-443, 2009 U.S. Dist. LEXIS 50379, at *13 (D. Ariz. June 1, 2009):

> The civil case, like the criminal case, asserts serious violations of the securities laws, and Defendants have a strong interest in being able to defend themselves against the SEC's allegations as quickly

---

[7] Nor are any of the factors present that might warrant delaying a deposition, which the Court identified in *SEC v. Saad*, 384 F. Supp. 692, 694 (S.D.N.Y. 2005):

> (1) Where there is a genuine reason to believe that a witness may be subject to harassment, intimidation, or obstruction.
> (2) Where a witness's expected role in the criminal trial, rather than constituting part of the Government's case-in-chief, is to serve as rebuttal witness to what the Government has reason to believe may be a fabricated defense.
> (3) Where a witness, while materially relevant to the criminal case, has only peripheral significance to the civil case.

The undisputed absence of those factors is an additional reason to deny this motion.

as possible. A complete stay of the civil case, however, will
substantially prejudice Defendants' interest in the speedy
resolution of the SEC's claims against them. In this case, the
investigations underlying the civil and criminal proceedings have
already been going on for years, and litigation may very well
continue for years to come. Defendants . . . are both in their mid-
fifties. If the Court stays the civil case and they later prevail,
Defendants will not only have needlessly suffered additional years
of living under suspicion of these allegations, but they will also
have lost valuable working years in which they could have
supported themselves and their families.

Courts are particularly skeptical of the government's efforts to stay civil discovery

pending the resolution of a related criminal case where "the government is responsible for the

simultaneous proceedings in the first place." *Cioffi*, 2008 U.S. Dist. LEXIS 86088, at *3. This

Court has summed up such judicial skepticism as follows:

Finally, to the extent that the defendants' discovery requests
simply result in the happenstance that in defending themselves
against the serious civil charges that another government agency
has chosen to file against them they obtain certain ordinary
discovery that will also be helpful in the defense of their criminal
case, there is no cognizable harm to the government in providing
such discovery beyond its desire to maintain a tactical advantage.

*Oakford*, 181 F.R.D. at 272-73. Such skepticism is even more pronounced where — as is the

case here — the two government agencies have closely coordinated their efforts:

But it is stranger still that the U.S. Attorney's Office, having
closely coordinated with the SEC in bringing simultaneous civil
and criminal actions against some hapless defendant, should then
wish to be relieved of the consequences that will flow if the two
actions proceed simultaneously.

*SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005). Again, the USAO has failed to identify any

valid governmental interest in favor of staying Mody's and Kaplan's depositions.

**B.      The USAO Fails to Show that "the Defendants' Interests" Require a Stay of the Mody and Kaplan Depositions**

### 1.      Discovery in this case will become a "one-way street" if the Mody and Kaplan depositions are stayed

The USAO argues that the Mody and Kaplan depositions should be stayed because "the civil discovery process will become a one-way street." (Memo. at 17-18.)  But discovery in this case has not been a "one-way street."  As discussed above, the SEC — coordinating closely with the USAO to permit the USAO to interview witnesses the day before their depositions were taken — noticed and took the depositions of former Vitesse directors.  Other witnesses have testified that they were interviewed by the USAO shortly before their deposition testimony.  The SEC has also questioned every witness whose deposition was noticed by Defendants in this case, some at length despite having questioned those witnesses in depositions during its investigation.

To the contrary, it is the staying of Mody's and Kaplan's depositions that would render discovery here into a one-way street running in the government's favor.  As discussed above, the government has deliberately timed the filing of the two actions and this particular motion, enabling it to obtain deposition testimony that it can use in both the criminal and civil cases, while precluding deposition testimony that it views as potentially useful to Defendants:

- The government unsealed the criminal case and filed the civil case on December 10, 2010;

- It entered into cooperation agreements with Mody and Kaplan that effectively prevented their depositions from being taken for five months, until May 2011;

- It has actively participated in discovery in this case and obtained deposition testimony intended to benefit the government in both cases; and

- It waited until April 21, 2011 (allowing just enough time for the Court to rule) to move to prevent Defendants from questioning Mody and Kaplan, witnesses to whom the government has had full access and even interviewed this very month.

All that is left to complete construction of the government's own "one-way street" is the staying of Mody's and Kaplan's depositions.  The government should not be permitted to calculate its moves to further slant in its favor an already unlevel playing field.

## 2.   Mody and Kaplan will not be unduly burdened by having their depositions taken

The USAO argues without factual support that Defendants should not be permitted to "force the cooperating witnesses to choose between invoking their Fifth Amendment rights and running the risk that the Court will view their cooperation negatively, or testifying at a deposition where the object is to generate a record that can be used for cross-examination at the criminal trial." (Memo. at 18.)  Mody's counsel has already told the Court that his client will answer all questions after May 1, and Kaplan's counsel has made a similar representation to defense counsel.  (Indeed there would not have been any need for the Court on March 25, 2011 to consider and adjudicate Mody's objection to a two-day deposition if Mody had no intention to answer questions.)  Unless the USAO intends to direct that these witnesses reverse course and now invoke the Fifth Amendment at their depositions, this argument lacks any factual support.  This case is thus unlike *Saad*, 229 F.R.D. at 91, where the Court noted the "high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct" of these depositions.

Nor is the fact that Mody's and Kaplan's deposition testimony may be used at the criminal trial a reason to stay their depositions.  "The reality [ ] is that prized witnesses often must testify more than once in both civil and criminal proceedings." *Chakrapani*, 2010 U.S.

la-1121373

Dist. LEXIS 65337, at *34.  Mody and Kaplan have an obligation to testify truthfully under oath, whether at trial or a deposition.  "Moreover, if [they are] to adhere to [their] cooperation agreement[s] and earn [their] sentencing reduction, one would expect [their] testimony to be the same whether first given at a criminal trial or a civil one." *Chakrapani*, 2010 U.S. Dist. LEXIS 65337, at *34.  Again, that they may be impeached with prior inconsistent testimony is no reason to curtail discovery. *See, e.g.*, *FINRA*, 607 F. Supp. 2d at 394 ("[A]ny inconsistencies between the testimony adduced at the [civil proceeding] and that adduced at the criminal trial are legitimate fodder for the defense.").

### 3. Other depositions and interview notes are not adequate substitutes for the sworn testimony of Mody and Kaplan

The USAO then shifts gears and argues that any prejudice to Defendants from staying these two depositions is "minimized" by the fact that Defendants have deposed other witnesses and received document discovery, including some notes of some of the government interviews of Mody and Kaplan. (Memo. at 18.)  The deposition testimony of directors and lower-level employees does not obviate the need for the testimony of Mody and Kaplan, who indisputably were the two individuals primarily responsible for preparing the Vitesse financial statements at issue in both cases.  That the USAO selectively moves to stay Mody's and Kaplan's depositions highlights that their testimony is not interchangeable with that of any other witness.

Nor does Defendants' receipt of some of the interview notes support staying the depositions.  The USAO admits that only some (and not all) of the notes of the government's interviews of Mody and Kaplan were provided to Defendants. (Memo. at 8 n.4.)  Furthermore, the information in those notes and their utility to Defendants are necessarily limited:  only the government asked questions (presumably with a slant to develop their own cases) and the information recorded inevitably is skewed by the biases and judgments of the note takers.  The

inherent limitations of those notes are further underscored by the fact that the USAO and SEC continue to meet with and interview Mody and Kaplan. Hearsay notes of interviews not taken under oath are no substitute for deposition testimony.

####    4.    Defendants should not be forced to wait another year to obtain testimony from these witnesses about events dating back to 1995

Finally, in its discussion of the Court's and the public's interest, the USAO implies that Defendants will not be too prejudiced by the stay of the depositions because of its purportedly limited duration. (Memo. at 20.) The USAO casually states that "the affected depositions can easily be completed, if necessary, after the trial in the Criminal Action and before the trial in this action." (*Id.*) As stated above, the criminal trial is currently set to commence on January 9, 2012, and the USAO has previously estimated that it will need a month for its case-in-chief, followed by the defense presentation. It cannot be doubted that it will be well into 2012 before the criminal trial is concluded. Making Defendants wait yet another year to solicit key testimony about events that date as far back as 1995 is patently unfair, particularly given that both the USAO and the SEC have had access to Mody and Kaplan since early 2007 and continue to meet with and interview them.[8]

####    C.    The USAO Fails to Show that "the Court's and the Public's Interest" Requires a Stay of the Mody and Kaplan Depositions

Defendants agree that the Court and the public have an interest in ensuring the "efficient use of judicial resources." (Memo. at 19.) However, Mody's and Kaplan's depositions will have little or no impact on judicial resources. Indeed, the moving papers' discussion of the Court's

---

[8] The moving papers' lengthy discussion about the Defendants' interest in preserving their Fifth Amendment rights (Memo. at 16-17) has no bearing on whether Mody's and Kaplan's depositions should proceed, and certainly provides no basis to distinguish these two depositions from the others that have occurred or are scheduled to take place.

la-1121373

and the public's interest focuses exclusively on the judicial resources that would be preserved if the criminal trial were to precede the civil trial. (*Id.* at 19-20.) The USAO has failed to identify any judicial or public interest in favor of staying Mody's and Kaplan's depositions.

## V.    DEFENDANTS DO NOT OPPOSE A STAY OF THE CIVIL TRIAL

While the governmental, defense, judicial and public interests identified in the moving papers do not support a stay of Mody's and Kaplan's depositions, Defendants agree that the criminal trial should precede the civil trial. *First*, the USAO has refused to produce *Jencks* materials until shortly before commencement of the criminal trial, and thus it would deny defendants due process for the civil trial to go forward while the USAO deprives Defendants of access to prior statements by government witnesses.

*Second*, while Defendants are striving to review the massive amounts of materials produced to date in sufficient fashion to be able to conduct depositions before the May 23, 2011 cut-off set by this Court, their ability to do so has been prejudiced by delays in document productions and third party discovery disputes. For example, while the SEC represented in December that it would complete production of the file from its investigation within 30 days, that did not occur. (Marmalefsky Decl. ¶ 12.) The bulk of the production was not completed until April 15, 2011, and additional materials continue to be produced. (*Id.*) Defendants have not completed their review and analysis of those materials — comprising over 6.7 million pages — and will need several more months to do so. (*Id.*) Defendants did not receive the report from the Nu Horizons internal investigation until this month, and continue to negotiate in an effort to resolve discovery disputes with other third parties, including Vitesse, KPMG and Davis Polk & Wardwell. Thus these delays, together with the volume of documents produced, make it impossible for defense counsel to be effectively prepared to commence trial this summer. Those facts, together with trial commitments of defense counsel in other matters in September and

October of this year and the January 2012 trial date set in the criminal matter, militate in favor of the criminal trial proceeding first.

*Finally,* as this Court noted at the February 23, 2011 hearing, when discussing the advantages of coordinating the two proceedings in the same district court, resolution of the related criminal case may narrow the scope of the civil trial. (Indeed, in the Broadcom stock option backdating cases in California, dismissal of the criminal charges against former Broadcom executives soon led to dismissal of the related SEC action.)

Accordingly, Defendants do not oppose the request that the criminal trial proceed first.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the USAO's motion to the extent that it seeks a stay of the Mody and Kaplan depositions.

Dated: Los Angeles, CA
      April 27, 2011

MORRISON & FOERSTER LLP

Dan Marmalefsky
555 West Fifth Street
Los Angeles, California  90013-1024
213.892.5200

Lawrence Gerschwer
Katie L. Viggiani
1290 Avenue of the Americas
New York, New York 10104-0050
212.468.8000

By:  */s/ Dan Marmalefsky*
     Dan Marmalefsky
     *Attorneys for Defendant*
     *Louis Tomasetta*

la-1121373

Dated: Los Angeles, CA  
     April 27, 2011

BIRD, MARELLA, BOXER, WOLPERT,  
   NESSIM, DROOKS & LINCENBERG, P.C.

Gary S. Lincenberg  
Peter J. Shakow  
1875 Century Park East, 23rd Floor  
Los Angeles, California 90067  
310-201-2100

CLAYMAN & ROSENBERG  
Charles Clayman  
305 Madison Avenue  
New York, New York 10165  
212-922-1080

By:    */s/ Peter Shakow*               
        Peter Shakow  
        *Attorneys for Defendant*  
        *Eugene Hovanec*

18

la-1121373