UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,  :
                :
           Plaintiff,    :        Case No. 10-cv-9239 (JSR)
                :
         v.            :        ECF Case
                :
VITESSE SEMICONDUCTOR CORPORATION,  :
*et al.,*              :        **RESPONSE OF THE**
                :        **SECURITIES AND EXCHANGE**
        Defendants.    :        **COMMISSION TO THE**
                :        **MOTION OF THE UNITED**
                :        **STATES ATTORNEY TO**
                :        **INTERVENE AND FOR A**
                :        **LIMITED STAY**
                :
-----------------------------------------------------------------x

      Plaintiff Securities and Exchange Commission ("SEC") submits this memorandum of law in response to the motion of the United States Attorney for the Southern District of New York (the "USAO") to intervene and for a limited stay in this matter.  For the reasons set forth below, the SEC does not oppose the motion.

      The USAO has filed a motion to stay the trial and four depositions in this action, citing the need to prevent "severe prejudice" to the parallel criminal prosecution. Mem. in Support of Mot. at 2 [Docket 74]. The USAO has identified the risk of inconsistent verdicts, the potential burden on witnesses, and the Fifth Amendment concerns of the defendants as reasons for a stay of the civil trial. *Id.* at 15-16. The USAO believes that its criminal prosecution would be impeded if the civil case proceeds in advance of the criminal case. *Id.* at 10.

      The SEC defers to the USAO's views on these issues, and therefore does not oppose the motion. In particular, the USAO has not sought a blanket stay of this action, but is instead seeking limited relief to protect specific criminal law enforcement interests. *See SEC v. Oakford Corp.*, 181

F.R.D. 269, 270 (S.D.N.Y. 1998) (USAO may "apply for particularized protective orders if any aspect of the civil discovery threatened the integrity of the criminal case"); *SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (rather than enter a "general stay," the court viewed it appropriate "to postpone until after the completion of the criminal trial . . . the civil depositions of the six defendants, two of whom are defendants in the criminal case and the other four of whom are the Government's chief witnesses in the criminal case").

It is important to note that, notwithstanding the pendency of related criminal charges, this action has been pursued diligently and efficiently since its filing. The SEC produced over 8 million pages of documents to the defendants in discovery, and the parties have conducted multiple depositions. The parties have nearly completed discovery and, in accordance with the Court's scheduling order, will be ready to begin pretrial motions practice in June. It is expected that the case will be "trial ready" on July 13, 2011, and the SEC will be prepared to thereafter proceed to trial on whatever schedule the Court deems appropriate.

Respectfully submitted,


  s/ Terence Healy
Terence M. Healy
Jan M. Folena
Dean M. Conway
Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
202-551-4640
202-772- 9245 (fax)
healyt@sec.gov

COUNSEL FOR PLAINTIFF