UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,    :

                Plaintiff,    :

                          :

              v.    :

VITESSE SEMICONDUCTOR CORP., ET AL.,    :

                Defendants.    :

---------------------------------------------------------- x

No. 10 Civ. 9239 (JSR) (FM)

[PROPOSED] PROTECTIVE
ORDER RE:  KPMG LLP
PRODUCTION

JED S. RAKOFF, U.S.D.J.

      Louis R. Tomasetta, Eugene F. Hovanec, and KPMG LLP having agreed to the following

terms of confidentiality, and the Court having found that good cause exists for issuance of an

appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is

therefore hereby ORDERED that Louis R. Tomasetta, Eugene F. Hovanec, and KPMG LLP

(including their representatives, agents, experts and consultants) shall adhere to the following

terms, upon pain of contempt:

      1.  Any person subject to this Order who receives from any other person any "Discovery

Material" (i.e., information of any kind provided in the course of discovery in this action) that is

designated as "Confidential" pursuant to the terms of this Order shall not disclose such

Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.  The person producing any given Discovery Material may designate as Confidential

only such portion of such material as consists of:

          (a)  previously nondisclosed financial information;

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) any previously nondisclosed material concerning any arbitration or settlement between Vitesse Semiconductor Corporation and KPMG LLP;

(f) any previously nondisclosed material concerning KPMG LLP's prior engagement as the outside auditor of Vitesse Semiconductor Corporation; or

(g) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and

such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.

300120.1                                              3

7.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize such sealing.

8.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.  The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10.  Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.  If any court, administrative agency or legislative body or other governmental entity requests or subpoenas or orders production of any Confidential Discovery Material that a party, its counselor or any other person has obtained from KPMG in connection with the Action, such person shall immediately notify KPMG in writing of such request, subpoena or order by

300120 1                                    4

delivering by hand, facsimile or email a copy of such request, subpoena or order, and will exercise reasonable efforts not to make such documents or information available until twenty (20) days after KPMG has been notified of the request, subpoena or order.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. It is understood and agreed that the execution of this Stipulation and Order shall in no way constitute a waiver of the right of KPMG or any party to the action to raise or assert any

objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the uses, relevance or admissibility of any documents or their contents. It is further understood and agreed that, although counsel for the parties signing this Stipulation and Order agree to be bound thereby, their signing of this Stipulation and Order does not constitute their concurrence with KPMG's characterization of documents as being proprietary or confidential.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: Los Angeles, CA
April 15, 2011

SIDLEY AUSTIN LLP

By: _____
Wesley D. Felix
*Attorneys for Third Party*
*KPMG LLP*

Dated: Los Angeles, CA
April 14, 2011

MORRISON & FOERSTER LLP

By: _____
Dan Marmalefsky
*Attorneys for Defendant*
*Louis R. Tomasetta*

Dated:  Los Angeles, CA        BIRD, MARELLA, BOXER, WOLPERT,
      April 19, 2011              NESSIM, DROOKS & LINCENBERG, P.C.

                                    By:   _____
                                         Peter Shakow
                                       *Attorneys for Defendant*
                                       *Eugene F. Hovanec*

             SO ORDERED.

Dated:  New York, NY
          4/29 , 2011            _____
                                Jed S. Rakoff
                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
SECURITIES AND EXCHANGE COMMISSION,                                :
                                                                   :
                              Plaintiff,                           :      No. 10 Civ. 9239 (JSR) (FM)
                                                                   :
                    v.                                             :      **NON-DISCLOSURE**
                                                                   :      **AGREEMENT**
VITESSE SEMICONDUCTOR CORP., ET AL.,                               :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ x

I, _____, acknowledge that I have read and

understand the Protective Order re: KPMG LLP Production in this action governing the non-

disclosure of those portions of Discovery Material that have been designated as Confidential.  I

agree that I will not disclose such Confidential Discovery Material to anyone other than for

purposes of this litigation and that at the conclusion of the litigation I will return all discovery

information to the party or attorney from whom I received it.  By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Protective Order could subject me to punishment for contempt of Court.


Dated: _____            _____


300120.1                                            i