UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

    v.

VITESSE SEMICONDUCTOR CORP., ET AL.,

            Defendants.

------------------------------------------------------------x

No. 10 Civ. 9239 (JSR) (FM)

**PROTECTIVE ORDER**

JED S. RAKOFF, U.S.D.J.

    WHEREAS, on May 13, 2011, the Court issued an Order requiring non-party Nu Horizons Electronics Corporation ("Nu Horizons") to produce handwritten notes of witness interviews conducted during Nu Horizons' internal investigation (the "Handwritten Notes"):

    WHEREAS the Court's May 13, 2011 Order was without prejudice to Nu Horizons submitting to the Court a proposed protective order limiting disclosure of the Handwritten Notes to parties other than the parties to this lawsuit;

    WHEREAS the parties have agreed to the following terms of non-disclosure, and the Court has found that good cause exists for the issuance of an appropriately tailored protective order governing the pre-trial phase of this action:

    IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

la-1125006

1

1. The production of the Handwritten Notes pursuant to the Court's May 13, 2011 Order shall be limited to the parties to this lawsuit. The parties shall not disclose the Handwritten Notes to anyone else except as expressly permitted hereunder.

2. The Handwritten Notes shall be stamped "Confidential Pursuant to Protective Order Dated __*[date]*__, 2011." With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for confidential information covered by this Protective Order, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Pursuant to Protective Order Dated __*[date]*__, 2011" by the reporter.

3. No person subject to this Protective Order other than the producing person shall disclose the Handwritten Notes to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Non-Disclosure Agreement annexed hereto as an exhibit;

    d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement annexed hereto as an exhibit;

    e. stenographers engaged to transcribe the depositions conducted in this action; and

    f. the Court and its support personnel.

4.     Prior to any disclosure of the Handwritten Notes to any person referred to in subparagraphs 3(c) and 3(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement annexed hereto as an exhibit stating that the person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first. Said counsel shall produce a copy of the signed Non-Disclosure Agreement to counsel for non-party Nu Horizons within ten days of producing it to opposing counsel.

5.     All portions of pleadings, motions and other papers filed with the Court that disclose the contents of the Handwritten Notes shall be filed under seal with the Clerk of the Court and kept under seal until further order from the Court. The parties will use their best efforts to minimize such sealing.

6.     No party shall assert a claim or argument in this or any other court or legal proceeding that the production of the Handwritten Notes pursuant to the May 13, 2011 Order constitutes a waiver of privilege or other protection that otherwise may apply to the Handwritten Notes.

7.     Each person who has access to the Handwritten Notes pursuant to this Protective Order shall take all due precautions to prevent unauthorized or inadvertent disclosure of the Handwritten Notes or the contents thereof.

8.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to the materials that are subject to this Protective Order if introduced in evidence at trial, even if such materials previously had been sealed or designated as

confidential. The Court also retains discretion whether to afford confidential treatment to the materials subject to this Protective Order or information contained therein submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. This Protective Order shall survive the termination of this litigation. Within 30 days of the final disposition of this action, the Handwritten Notes, including all copies thereof, shall be promptly returned to counsel for non-party Nu Horizons or, with Nu Horizons' permission (which shall not be unreasonably withheld), destroyed.

10. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: May 24, 2011

GAGE SPENCER & FLEMING LLP

By: _____
Laura-Michelle Horgan
410 Park Avenue
New York, NY 10022
(212) 768-4900
*Attorneys for Non-Party
Nu Horizons Electronics Corporation*

Dated: May 24, 2011

MORRISON & FOERSTER LLP

BY: _____
Dan Marmalefsky
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
(213) 892-5200
*Attorneys for Defendant
Louis R. Tomasetta*

Dated: May 24, 2011

BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS & LINCENBERG, P.C.

By: _____
Peter Shakow
1875 Century Park East, Floor 23
Los Angeles, CA 90067
(310) 201-2100
*Attorneys for Defendant*
*Eugene F. Hovanec*

SO ORDERED.

Dated: New York, NY
       5/28, 2011

_____
The Honorable Jed S. Rakoff
United States District Judge

5

la-1125006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
SECURITIES AND EXCHANGE COMMISSION, :
: 
                      Plaintiff, :   No. 10 Civ. 9239 (JSR) (FM)
: 
      v. :   **NON-DISCLOSURE**
:   **AGREEMENT**
VITESSE SEMICONDUCTOR CORP., ET AL., :
: 
                      Defendants. :
: 
------------------------------------------------------------------x

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of the handwritten notes taken during Nu Horizons Electronics Corporation's internal investigation (the "Handwritten Notes"). I agree that I will not disclose the Handwritten Notes, or their contents, to anyone other than for purposes of this litigation and that, at the conclusion of the litigation, I will return all copies of the Handwritten Notes to the party or attorney from whom I received them or destroy them. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____

i